UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AMY BARTOLETTI, CHIA SIU, NADINE MENTOR, LISA CONLEY and BRITTANY SHARPTON,

          Plaintiffs,

          -against-

CITIGROUP, INC. and CITIGROUP GLOBAL MARKETS, INC.,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

No.: 10 Civ. 7820 (WHP)

STIPULATION AND PROTECTIVE ORDER REGARDING PROTECTION OF CONFIDENTIAL AND PROPRIETARY INFORMATION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/24/11

 WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect confidential and proprietary information, which may be disclosed in connection with discovery in the above-captioned matter (the "Matter"), and which may require protection in order to preserve the Parties' legitimate interests in maintaining confidentiality of certain information;

 WHEREAS, the Parties, through counsel, agree to the following terms; and

 WHEREAS, this Court finds good cause exists for issuance of an appropriately-tailored confidentiality order governing the pretrial phase of this action,

 IT IS HEREBY ORDERED that any person subject to this Order including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or

constructive notice of this Order will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2. Any Party or person may designate as Confidential any non-publicly available document or material which is either produced by that Party during discovery proceedings in this Matter and/or generated by that Party in this Matter that it reasonably and in good faith believes consists of:

    (a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

    (b) previously non-disclosed material relating to ownership or control of any non-public company;

    (c) previously non-disclosed business plans, product-development information, or marketing plans;

    (d) proprietary, trade secret or other sensitive business or commercial information of the producing Party (including, without limitation, financial information, internal policies, practices or procedures, and non-public information concerning present or former clients);

    (e) personal or personnel information including, but not limited to, personnel files, performance evaluations, salary and compensation information, home addresses and home telephone numbers, or any extracts or summaries thereof;

    (f) any medical or financial information and/or records;

    (g) any personal emails; or

(h) any other category of information this Court subsequently affords confidential status.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, a Party or its counsel may designate such portion as "Confidential" as follows: (a) by stamping or otherwise clearly marking every page of the document or the object itself as "Confidential"; (b) by agreement in writing between the producing and receiving parties at any time; or (c) with respect to oral testimony or argument, in accordance with the procedures set forth in Paragraph 4 below.

4. A Party or its counsel may designate deposition exhibits, portions of deposition transcripts, witness's testimony or any attorney's argument in this or any related proceeding as Confidential either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after receipt of the deposition transcript of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Party or that person's counsel. During the period after the deposition until receipt of the transcript, and during the 30-day period following receipt of the deposition transcript, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5. If at any time before the trial of this action a Party realizes that it should have designated a document or material as Confidential that was previously produced

without limitation, the Party may so designate such material by apprising all prior recipients in writing and will provide copies of the material designated as Confidential. Thereafter, this Court and all persons subject to this Order will treat such documents or material as Confidential.

    6.    Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

    7.    Where a Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action,;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

  (i)  this Court, including any appellate court, its support personnel, and court reporters.

  8.  Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement and produce it to opposing counsel at the conclusion of the case.

  9.  Pleadings, motion papers or other filings (including exhibits) that disclose Confidential Discovery Material shall be subject to the terms of this Order and shall be filed in a manner designed to protect such information from disclosure by: (a) affixing a legend so indicating the appropriate individual pages of each of the pleadings, motion papers or other filing at the time of filing; and (b) written statement of counsel for a Party at the time of, or prior to filing indicating that the motion papers or other filing is to be treated as Confidential Discovery Material. Where possible, only the portions of filings (including affidavits and memoranda of law) containing Confidential Discovery Material shall be designated and filed in this manner.

  10.  In accordance with this Court's Individual Practices, any Party filing documents under seal must simultaneously present to the Court a copy of this Order. The Party shall also provide a letter brief and supporting declaration justifying -- on a particularized basis — the continued sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make specific findings on the record demonstrating that closure is essential to preserve higher values and is narrowly

tailored to serve that interest. <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110, 120 (2d Cir. 2006).

11. The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

12. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

13. In the event of any dispute of any kind regarding this Order or of material sought to be treated as Confidential, counsel for the parties agree to meet promptly to review and attempt to resolve the dispute informally. If such meeting fails to resolve any disputes, the parties shall promptly seek the Court's assistance. The burden of proof, by a preponderance of the evidence, shall be on the Party requesting the confidential treatment of material sought to be treated as Confidential. Pending the Court's resolution of such issues, such material shall remain designated as Confidential.

14. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court.

15. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing herein shall be construed: (a) as preventing a Party from using or continuing to use any information that is or becomes publicly known through no unauthorized act of such Party; (b) as preventing a Party from using or continuing to use any information that is or becomes known to it if such information was or is lawfully obtained by such Party other than through discovery; or (c) preventing the rights of any Party with respect to its own documents or information produced in this action. Should a dispute arise as to any specific information or material, the Party seeking confidential treatment under this paragraph shall have the burden of proving that such information or material is entitled to be treated as Confidential.

16. If Confidential Discovery Material in the possession of any Party is responsive to any subpoena or any other form of compulsory process of the Court, or any other administrative, regulatory, self-regulatory or judicial body, or if any other person or tribunal purporting to have authority seeks such information by compulsory process, the Party to whom the process or inquiry is directed shall, to the extent possible, give written notice within five business days of receipt of such process or inquiry to the Party that

designated the responsive information or documents as "Confidential." Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

17. No act carried out under this Agreement shall be construed as an admission: (a) that any information, document or the like designated as Confidential Discovery Material is in fact confidential or a trade secret; or (b) with respect to the competency, relevance, materiality, admissibility, privilege, or immunity of any such information, document or the like.

18. The inadvertent or unintentional production to a receiving party or to a third-party by either party of Confidential Discovery Material that was not so designated at the time of disclosure shall not be deemed a waiver in whole or in part of that party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

19. In the event that a producing party discovers that information or documents which are subject to attorney-client privilege or the work-product doctrine have been inadvertently produced, the producing party shall notify the receiving party within ten (10) days of discovery of the error and provide a privilege log to the receiving party that complies with the Federal Rules of Civil Procedure. The receiving party shall return all copies of the information or documents to the producing party within ten (10) days of receipt of such notice. However, within ten (10) days of receipt of such notice, if the receiving party wishes to challenge the producing party's assertion of privilege, the receiving party may, with notice to the producing party, provide the Court with one copy

of the disputed privileged material for in camera review together with an explanation as to why the document should not be deemed privileged. The producing party shall then have ten (10) days to make a submission to the Court regarding why the disputed privileged material should be considered privileged. The fact that such privileged documents are produced, inadvertently or otherwise, shall not be construed as a waiver of any applicable attorney-client privilege and/or the work product doctrine. The fact that privileged documents are returned shall not be construed as an admission by the receiving party that the documents are in fact subject to the attorney-client privilege or the work-product doctrine.

20. This Order is intended to facilitate discovery and the production of relevant evidence in this Matter. Neither this Order, nor the designation of any information, document, or the like as Confidential Discovery Material, nor the failure to make such designation, shall constitute evidence with respect to any issue in this Matter.

21. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

22. Within 60 days of the final disposition of this action -- including all appeals -- all recipients of Confidential Discovery Material must either return to the Producing Party all copies thereof or, upon permission of the Producing Party, destroy such material -- including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery

Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

23. Producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Order shall not:

(a) Prejudice in any way the rights of any Party to object to the production of documents it considers not subject to discovery, or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

(b) Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Order;

(c) Prejudice in any way the rights of any Party to seek a determination by the Court whether any information, documents or material, designated as Confidential Discovery Material should be so designated and subject to the terms of this Order;

(d) Prejudice in any way the rights of any party to petition the Court for a protective order relating to any purportedly Confidential Discovery Material;

(e) Prevent any party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Confidential Discovery Material.

24. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

25. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

| THOMPSON WIDGOR LLP | MORGAN, LEWIS & BOCKIUS LLP |
|---|---|
| By: /s/ | By: /s/ |
| Douglas H. Wigdor (DW-9737)<br>85 Fifth Avenue<br>New York, New York 10003<br>(212) 257-6800<br>(212) 257-6845 (fax)<br>dwigdor@thompsonwigdor.com | Kenneth J. Turnbull (KT-4458)<br>Leni D. Battaglia (LB-4704)<br>101 Park Avenue<br>New York, New York 10178-0060<br>(212) 309-6000<br>(212) 309-6001 (fax)<br>kturnbull@morganlewis.com<br>lbattaglia@morganlewis.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

Dated: June 24, 2011

SO ORDERED:

_____
William H. Pauley, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
AMY BARTOLETTI, CHIA SIU, NADINE
MENTOR, LISA CONLEY and BRITTANY
SHARPTON,

           Plaintiffs,

           -against-

CITIGROUP, INC. and CITIGROUP GLOBAL
  MARKETS, INC.,

           Defendants.
------------------------------------- x

No.: 10 Civ. 7820

**NON-DISCLOSURE AGREEMENT**

        I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____           _____